## IN THE UNITED STATED DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARYANN MISIOLEK** | : | |
| **Plaintiff,** | : | **Civil Action No.:** |
| | : | |
| **v.** | : | |
| | : | |
| **THE HERSHEY COMPANY,** | : | **JURY TRIAL DEMANDED** |
| **Defendant.** | : | |
| | : | |

## COMPLAINT

NOW COMES Plaintiff Maryann Misiolek, by and through undersigned counsel, and brings this claim to obtain redress for the Defendant's, The Hershey Company, violation of her federally protected right to be free from discrimination on the basis of sex.

## PARTIES

1.  Plaintiff is Maryann Misiolek (hereinafter "Ms. Misiolek"), an adult individual residing at 51 Oaktree Road, Hummelstown, Pennsylvania 17038.

2.  Defendant is The Hershey Company (hereinafter "Hershey" or the "Company"), a Pennsylvania Corporation with its corporate office located at 100 Crystal A Drive, Hershey, Pennsylvania 17033.

1

3.     Defendant manufactures chocolates and chocolate-related product and merchandise for retail and direct-to-consumer sales. Defendant employs in excess of ten thousand (10,000) individuals worldwide.

## JURISDICTION AND VENUE

4.     This case arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. and related state law claims.

5.     The Court has subject matter jurisdiction over this case as it involves a federal question pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343. The Court has supplemental or pendent jurisdiction over state law claims pursuant to 28 U.S.C. §1367(a).

6.     Plaintiff has exhausted her administrative remedies prior to the filing of this Complaint.  Plaintiff received her right to sue letter from the Equal Employment Opportunity Commission (hereinafter "EEOC") fewer than ninety (90) days prior to the filing of this Complaint.  *See* **Ex. A.** Additionally, it has been greater than one year since Plaintiff co-filed her administrative Complaint with the Pennsylvania Human Relations Commission ("PHRC").  *See* **Ex. B.**

7.     Venue over this action lies with the United States District Court for the Middle District of Pennsylvania because the unlawful employment practice is alleged to have been committed in this judicial district, and because the

employment records relevant to such practice are maintained and administered in this judicial district.

## FACTUAL ALLEGATIONS

8.    Ms. Misiolek was hired by Hershey on or about June 26, 2000 in the position of Industrial Engineer.  The protected class to which she belongs is female.

9.    At all relevant times herein, Ms. Misiolek was employed as Director of Product Costing/Capital Administration Global Financing.

10.   Joseph Carlin ("Mr. Carlin") was employed by Hershey in the position of Senior Director, Finance – Global Operations.   Mr. Carlin was Ms. Misiolek's immediate supervisor at all relevant times herein.

11.   In approximately August 2013, Ms. Misiolek began a consensual relationship with Mr. Carlin.

12.   Ms. Misiolek's relationship with Mr. Carlin in no way violated Hershey's Consensual Relationship Policy, or any other Hershey policies.

13.   Ms. Misiolek's relationship with Mr. Carlin in no way impacted her performance within or commitment to Hershey.  At all relevant times herein, Ms. Misiolek was an exemplary employee and a top manager within Hershey.

14.   As part of her job duties, Ms. Misiolek was required to occasionally accompany Mr. Carlin on both domestic and international travel to represent Hershey business interests.

15.   In approximately February 2014, Ms. Misiolek and Mr. Carlin traveled to New York City for an overnight business trip prior to disembarking for Company business in India.

16.   Under the express direction of Mr. Carlin, Ms. Misiolek expensed both the hotel and the meals from the New York City portion of the business trip to Hershey.

17.   In approximately June 2014, Mr. Carlin reported his consensual relationship with Ms. Misiolek to Hershey Human Resources personnel.

18.   By approximately August 2014, Mr. Carlin's relationship with Ms. Misiolek had concluded and Ms. Misiolek no longer felt comfortable working under Mr. Carlin.  Consequently, Ms. Misiolek sought a transfer from her Finance position to a different unit and supervisor.  Her requests for transfer were repeatedly blocked by Mr. Carlin and Company executives.

19.   Hershey's prevention of Ms. Misiolek's requests for transfer were intended to make her working conditions uncomfortable and demeaning, in an attempt to encourage her to voluntarily resign from her employment with Hershey.

20.  Internal transfer requests of upper-level male employees were regularly approved by Hershey.  This would include, but is not limited to, former Finance Unit employee Charles Mackey.

21.  On or about October 27, 2014, Ms. Misiolek was interrogated by Human Resources personnel regarding the expense reports she submitted, at Mr. Carlin's behest, following the February 2014 New York City business trip.

22.  Immediately following her Human Resources inquisition, Ms. Misiolek was suspended for two (2) weeks pending further investigation.

23.  Hershey permitted male employees with sustained violations of expense reporting policies to pay back the amount of any transgression, not terminate them or take any further disciplinary action.  These male employees include, but are not limited to, Max Rangel, Senior Vice President of Chocolate Strategic Business Unit, and Rick Camacho, Vice President of Public Relations for Asia.

24.  Ms. Misiolek was terminated from employment during her suspension, on or about October 29, 2014.  She was provided with neither a letter of termination nor a reason for her termination.

## COUNT ONE
**Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964,
42 U.S.C. § 2000e *et seq.***

25.   Ms. Misiolek re-alleges and incorporates herein by reference the foregoing
      paragraphs.

26.   Defendant engaged in unlawful employment practices in violation of Section
      703(a)(1) of Title VII and 42 U.S.C. § 2000e-2(a)(1), by terminating Ms.
      Misiolek because of her sex.

27.   Hershey's decision to prevent the transfer of, and ultimately terminate, Ms.
      Misiolek was based upon her permissible, consensual relationship with a
      male supervisor.   Any purported violation by Ms. Misiolek of expense
      reporting policies was merely pretext to conceal Hershey's true motives.

28.   The effect of Hershey's unlawful employment practices was to deprive Ms.
      Misiolek of equal employment opportunities and otherwise adversely affect
      her status as an employee because of her sex.

29.   Hershey's unlawful employment practices were intentional and done with
      malice or reckless indifference to Ms. Misiolek's rights under Title VII.

30.   As a result of Hershey's unlawful conduct, Ms. Misiolek has suffered lost
      wages, lost retirement and other benefits, lost seniority, attorney's fees and
      costs and other unliquidated losses and damages, plus interest and costs.

31.   Additionally, as a result of Hershey's intentional wrongdoing, which was committed in bad faith, with malice and/or reckless indifference to Ms. Misiolek's interests, Ms. Misiolek is entitlted to punitive damages.

## COUNT TWO
### Sex Discrimination in Violation of the PHRA, 43 P.S. § 955(a)

32.   Ms. Misiolek re-alleges and incorporates herein by reference the foregoing paragraphs.

33.   Hershey's discriminatory conduct described under Count I is also a violation of state anti-discrimination law, 43 P.S. § 955(a).

34.   As a result of Hershey's unlawful conduct, Ms. Misiolek has suffered lost wages, lost retirement benefits, lost seniority, attorney's fees and costs and other unliquidated losses and damages, plus interest and costs.

35.   Additionally, as a result of Hershey's intentional wrongdoing, which was committed in bad faith, with malice and/or reckless indifference to Ms. Misiolek's interests, she is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Maryanne Misiolek prays for the following relief:

a.   Compensation for back pay, front pay, lost retirement benefits, lost wages and other lost employee benefits;

b.   Compensatory , statutory and punitive damages in an amount to be
determined at trial;

c.   Attorney's fees, costs and interest; and

d.   Such further relief that the Court shall deem just and proper.

Respectfully submitted,

Devine Law Offices, LLC

Date: November 14, 2016        By:   /s/ James F. Devine
                                     James F. Devine, Esquire
                                     Attorney I.D. No. PA 80029
                                     jdevine@devineoffice.com
                                     Stephen J. Fleury Jr., Esquire
                                     Attorney I.D. No. PA 309086
                                     sfleury@devineoffice.com
                                     Devine Law Offices
                                     45 East Orange Street
                                     Lancaster, PA 17602
                                     P:  (717) 390-3020
                                     F:  (717) 390-3021